# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**MARKOS AYAD GEORGY**                    **CASE NO.  6:21-CV-04216**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**UNIVERSITY OF LOUISIANA**               **MAGISTRATE JUDGE CAROL B.**
**LAFAYETTE ET AL**                       **WHITEHURST**

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is the Motion to Dismiss pursuant to F.R.C.P Rule 12(b)(1)

and 12(b)(6) filed by the State of Louisiana, through the Board of Supervisors for

the University of Louisiana System and the University of Louisiana at Lafayette

(ULL) (hereinafter "Louisiana").[1] (Rec. Doc. 32). Plaintiff, proceeding *pro se*, did

not file an opposition. The Motion was referred to the undersigned magistrate judge

for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the

law, and the arguments of the parties, and for the reasons explained below, the Court

recommends that Louisiana's Motion be granted.

---

[1]     Plaintiff incorrectly named Defendants in the Complaint as the University System of
Louisiana. See Rec. Doc. 1 and Rec. Doc. 32.

## **Factual Background**

Plaintiff, a former student at ULL and proceeding *pro se*, filed his Complaint against Louisiana, Tania Reyes as the alleged senior federal investigator of the Equal Employment Opportunity Commission (EEOC), and Timothy Caum as the supervisor attorney/team leader of U.S. Department of Education, Office of Civil Rights. (Rec. Doc. 1). In addition to his *pro se* complaint, Plaintiff filed multiple exhibits in support of his allegations that he was the victim of discrimination due to his disability. Plaintiff alleges that he lost his student job and the chance to obtain his master's degree by Spring 2021 due to "severe health issues and [being] admitted several times in the Emergency Room due to panic attack after the unethical behavior of the ULL." (Rec. Doc. 1, p. 5). Plaintiff further explained that he left his job as a doctor several years ago and had enrolled in ULL Physics in Fall 2020. He alleged that he has a severe attention deficit and cannot concentrate in reading any written statement without audio-visual aids. He alleged that a physics professor accused him of cheating on an exam in November 2020, and that the Dean of Students thereafter suspended him.[2] He lost his job at school and the opportunity to graduate by the Spring semester. He accuses the professor, the dean, and several individuals who

---

[2]    Interestingly, Plaintiff seems to admit that he plagiarized his exam answers. Rec. Doc. 3, p. 2.

subsequently investigated his appeals of being unethical, unfair, and disregarding his rights. (Rec. Doc. 1-2).

Plaintiff's exhibits consist of numerous emails between himself and Defendants wherein Plaintiff takes issue with the handling of his complaints after he was expelled. (Rec. Doc. 1-5;3, 4; 5; 7; 10-15; 18; 19). He alleges that his email accounts were hacked and emails regarding discrimination and unethical behavior were deleted, among other allegations of school officials plotting against him. The emails suggest that Plaintiff was suffering from "psychosomatic symptoms" and "a severe type of attention deficit" which appeared to be at the root of his issues. (See e.g. Rec. Doc. 1-5, p. 2; 4; 13). The emails primarily consist of Plaintiff's correspondence accusing various school employees and other administrative individuals of being unethical, discriminating against him, and failing to conduct fair investigations.

Although Plaintiff did not expressly identify an applicable statute, Plaintiff's claims appear to be based on the Americans with Disabilities Act (ADA). Louisiana moved to dismiss Plaintiff's claims on the grounds of the state's sovereign immunity under the Eleventh Amendment.

## Law and Analysis

The Fifth Circuit summarized the law applicable to jurisdictional challenges under F.R.C.P. Rule 12(b)(1) as follows:

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted).

The Fifth Circuit recently considered whether Louisiana enjoyed sovereign immunity from ADA claims in federal court, explaining as follows:

Louisiana's sovereign immunity bars Fletcher's Title I ADA claim. "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." State sovereign immunity "bars citizens of a state from suing their own state or another state in federal court, unless [1] the state has waived its sovereign immunity or [2] Congress has expressly abrogated it." The Supreme Court has held that Congress did not validly abrogate state sovereign immunity in enacting the ADA.

*Fletcher v. Louisiana Dep't of Transportation & Dev.,* 19 F.4th 815, 817 (5th Cir. 2021) (citations omitted).

"By statute, Louisiana has refused to waive its sovereign immunity and expressly bars suit against Louisiana or its agencies in any court other than a Louisiana state court." *Williams v. Recovery Sch. Dist.,* 859 F. Supp. 2d 824, 832

(E.D. La. 2012), citing La.Rev.Stat. 13:5106. Absent a showing that Louisiana has waived its Eleventh Amendment immunity for ADA claims, the *Fletcher* court held that ADA claims against the state were barred. *Id*. See also *Williams, supra*, and *Johnson-Blount v. Bd. of Sup'rs for S. Univ.,* 994 F. Supp. 2d 780, 784 (M.D. La. 2014) (dismissing ADA claims for lack of jurisdiction based on Louisiana's Eleventh Amendment immunity). Thus, Plaintiff's ADA claims against Louisiana are barred by the Eleventh Amendment. The Court thus lacks jurisdiction over Plaintiff's ADA and any other claims and recommends that Plaintiff's claims against Louisiana be dismissed.

Having found jurisdiction lacking, the Court declines to consider Louisiana's alternative grounds for dismissal, except to confirm that the University of Louisiana at Lafayette lacks the procedural capacity to be sued. La. R.S. 17:3217(3); La. R.S. 17:1831. See also *Folse v. Delgado Cmty. Coll.,* 776 F. Supp. 1133, 1138 (E.D. La. 1991). Accordingly, all claims against ULL should be dismissed.

## Conclusion

For the reasons discussed herein, the Court recommends that the Motion to Dismiss for Lack of Jurisdiction filed by the State of Louisiana, through the Board of Supervisors for the University of Louisiana System, and the University of Louisiana at Lafayette (Rec. Doc. 32) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of March, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

6