UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARKOS AYAD GEORGY**                       **CASE NO. 6:21-CV-04216**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**UNIVERSITY OF LOUISIANA                    MAGISTRATE JUDGE CAROL B.
LAFAYETTE ET AL**                            **WHITEHURST**

### MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss" (Doc. 51) filed by the United States Equal Employment Opportunity Commission ("EEOC")[1] by and through Brandon B. Brown, the United States Attorney for the Western District of Louisiana, and Desiree C. Williams, Assistant United States Attorney. Defendant moves to dismiss the instant lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction over the subject matter, and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. Plaintiff, Markos Ayad Georgy, has not filed an opposition to the motion.

### INTRODUCTION

On July 23, 2021, Plaintiff Georgy contacted the New Orleans Field Office of the EEOC to file a charge of employment discrimination against the University of Louisiana at Lafayette ("ULL"). Plaintiff filed two (2) charges (Charge Nos. 461-2021-01371 and 461-2021-01880) with the EEOC.[2]

---

[1] Service has not been effected on Defendant EEOC Investigator, Tania Reyes.
[2] Doc. 1-3, pp. 9, 19.

Plaintiff contends that he was discriminated against based upon his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *e seq.* Specifically, Plaintiff alleges that ULL (1) did not provide him a reasonable accommodation for his disability during the 2020 fall semester, (2) dismissed Plaintiff from the Master's Program toward the end of the 2020 fall semester, and (3) caused Plaintiff to lose his teacher's assistant position, which provided him free tuition and a monthly stipend.[3]

On August 18, 2021, the EEOC issued a right-to-sue notice signed by Tania H. Reyes.[4] On November 23, 2021, Plaintiff filed the instant civil action, *pro se*, naming as Defendants, ULL, the University of Louisiana Systems, EEOC Investigator Tania H. Reyes, presumably in her official capacity, the U.S. Department of Education, Office of Education, Office of Civil Rights, and Timothy Caum, in his official capacity for the Department of Education.[5]

As to Ms. Reyes, Plaintiff alleges that she improperly dismissed his charges.[6] Plaintiff further alleges that his personal email was hacked in August 2021, and he suspects it was personnel with the EEOC.[7]

**RULE 12(b)(1) STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a

---

[3] Docs. 1-2, p.7; 1-3, pp. 9,15,119,25-26, 29, 31, 33, 35.
[4] Doc. 1-3, pp. 9-10, 19.
[5] Docs. 1, p. 2, 1-2, p. 7.
[6] Doc. 1-3, pp. 9-10, 19.
[7] Doc. 1-3, at 10 and 20.

> party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

Federal courts have limited jurisdiction, possessing only that power granted by the Constitution or authorized by Congress. *See Kokkonen v. Guardian Life Ins. Of America*, 511 U.S. 375, 377 (1994); *Insurance Corp. of Ireland v. Compagne des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United

States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for A Better Env't*, 523 U.S. 83, 94-95 (1998) (citations omitted).

The EEOC is an agency of the United States government, established by Congress in section 705 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-4. The EEOC has enforcement authority under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII) and the ADA. For this Court to entertain a claim against the EEOC, Plaintiff must establish that the United States has waived its sovereign immunity and has consented to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Title VII created the EEOC but did not confer jurisdiction over the EEOC in its capacity as an enforcement agency. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 232 (5th Cir. 2002). Title VII provides federal courts with three (3) specific sources of jurisdiction: (1) actions brought against employers, employment agencies, and labor organizations accused of discriminatory employment practices, section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), (2) actions brought by the EEOC or the Attorney General against persons engaged in a pattern or practice of resistance to the goals of Title VII, § 707 (b), 42 U.S.C. § 2000e6(b), and (3) suits by federal employees, or applicants for employment, against the head of the federal agency accused of discriminatory employment practices, section 717, 42 U.S.C. § 2000e-16.

Plaintiff has failed to establish that the EEOC, an enforcement agency of the United States, has waived its sovereign immunity, nor does the ADA confer jurisdiction.

Furthermore, none of the three (3) provisions granting jurisdiction in Title VII provide jurisdiction in cases where the plaintiff is suing the EEOC in its capacity as the enforcement agency. In addition, the term "employer" as used in the ADA expressly excludes the United States.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## **LAW AND ANALYSIS**

Assuming, *arguendo*, that this Court has jurisdiction, the EEOC maintains that Plaintiff has failed to state a claim for relief concerning the EEOC's processing of Plaintiff's administrative charges.

"Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims because Congress has given plaintiffs a right to file a *de novo* lawsuit against the alleged discriminating employer. *Terry v. EEOC*, 21 S.Supp.2d 566 (E.D. Va. 1998), *aff'd*, 173 F.3d 425 (4th Cir. 1999). Plaintiff has not demonstrated that Congress has granted a right of action against the EEOC "either expressly or by implication." *Warth v. Seldin,* 422 U.S. 490, 501 (1975).

Moreover, a litigant such as Plaintiff, a teaching assistant as a result of his student status with a third party (ULL), cannot assert an express right to a remedy against the EEOC because no such remedy exists under Title VII, the ADA, or any other statute. *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984).

Finally, Title VII and the ADA provide that an individual who seeks redress for employment discrimination must first file a charge with the EEOC. Once the EEOC dismisses a charge or otherwise terminates its processing of a charge, the charging party (plaintiff) may bring suit against the employer. That court action is a *de novo* proceeding, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), whereas the manner in which the EEOC processes or resolves a charge is not binding upon a court. *Id.* at 798-99. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974).

Because there is no remedy available against the EEOC based on Plaintiff's dissatisfaction with the EEOC's administrative processing of his charges, Plaintiff can assert no claims against this Defendant.

## **CONCLUSION**

For the reasons set forth herein, the Motion to Dismiss filed by the United States Equal Employment Opportunity Commission will be granted dismissing Plaintiff's claims against this Defendant.

**THUS DONE AND SIGNED** in Chambers this 26th day of August, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE