UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARKOS AYAD GEORGY** | **CASE NO. 6:21-CV-04216** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNIVERSITY OF LOUISIANA LAFAYETTE ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss" (Doc. 52) filed by the United States Department of Education Office for Civil Right ("OCR"), and the United States of America,[1] by and through Brandon B. Brown, the United States Attorney for the Western District of Louisiana, and Desiree C. Williams, Assistant United States Attorney. The OCR moves to dismiss Plaintiff's Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and Plaintiff's claims for failure to state a claim pursuant for Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

On July 23, 2021, Plaintiff Georgy contacted the New Orleans Field Office of the EEOC to file a charge of employment discrimination against the University of Louisiana at Lafayette ("ULL"). Plaintiff filed two (2) charges (Charge Nos. 461-2021-01371 and 461-2021-01880) with the EEOC.

Plaintiff contends that he was discriminated against based upon his disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*

---

[1] It is assumed that Plaintiff's cause of action against Timothy Caum is in his official capacity.

Specifically, Plaintiff alleges that ULL (1) did not provide him a reasonable accommodation for his disability during the 2020 fall semester, (2) dismissed Plaintiff from the Master's Program toward the end of the 2020 fall semester, and (3) caused Plaintiff to lose his teacher's assistant position, which provided him free tuition and a monthly stipend.[2]

Plaintiff also filed a Complaint with OCR regarding the alleged discrimination. Plaintiff filed the instant lawsuit, *pro* se, and attached numerous exhibits to his Complaint, which indicate that the basis of his claims against OCR are due to a lack of response to Plaintiff's inquiries when he called them regarding his pending administrative complaint against ULL. Specifically, Plaintiff alleges that Timothy Caum, an employee of OCR, failed to return his telephone calls and carried out "dirty discrimination" towards him.

## **RULE 12(b)(1) STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing

---

[2] Docs. 1-2, p.7; 1-3, pp. 9,15,119,25-26, 29, 31, 33, 35.

*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

Plaintiff claims that diversity of citizenship exists in this case and therefore this Court has jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between the plaintiff and the defendants. *Lincoln Property Company, et al v. Rochie, et ux.*, 546 U.S. 81, 89 (2005). Plaintiff is a resident of Lafayette, Louisiana and the Defendants, Board of Supervisors for the UL system and the University of Louisiana are domiciled in Louisiana. Thus, there is no complete diversity of citizenship. In addition, Plaintiff has not specified an amount in controversy that exceeds $75,000.00. As such, because there is no complete diversity of citizenship, Plaintiff's Complaint must be dismissed.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Assuming, *arguendo*, that this Court has jurisdiction, Defendant moves to dismiss Plaintiff's Complaint because it does not state a plausible claim against the federal defendants, and/or it is devoid of facts that would establish a cause of action entitling him to relief from either OCR or Timothy Caum.

Plaintiff alleges that Timothy Caum failed to respond to Plaintiff's phone calls to the OCR. The Court finds that Plaintiff's allegations fail to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated herein, Defendant's motion to Dismiss will be granted, dismissing Plaintiff's claims with prejudice against the OCR, and dismissing Plaintiff's Complaint for lack of jurisdiction.

**THUS DONE AND SIGNED** in Chambers this 26th day of August, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**